# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DONALD G. DENKINGER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **8:05CV344** |
| vs. ) | |
| ) | **ORDER** |
| **JAMES D. CLARK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on the motion (#20) of defendants James D. Clark and Grant J. DeYonge for leave to file a third-party complaint against Ameritas Investment Corp. ("Ameritas"). Response time has passed, and the court has not received any response in opposition to the motion.

In summary, the plaintiffs' complaint was brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and alleges that the defendants are liable for breach of fiduciary duty and breach of co-fiduciary duty in undervaluing the company stock held by the Clark Bros. Employee Stock Option Plan (the "ESOP"), causing participants to sell their shares back to the company for less than fair market value. In 2001, contemplating the sale of Clark Bros. Transfer, Inc. ("Clark Bros."), the defendants hired Ameritas to appraise annually the value of the ESOP shares. In 2002, Ameritas set the value of the shares of company stock held by the ESOP at $805. Plaintiffs Denkinger, Hilger, and Janssen exercised put option rights pursuant to the ESOP in 2002 and sold their shares of company stock to Clark Bros. for $805 per share, believing that the 2002 valuation represented the fair market value of their shares of company stock. Clark Bros. was sold to defendant Saia Motor Freightline, Inc. on February 16, 2004, and the sale reflected a per share value of the company stock greater than $3,000 per share. The complaint alleges that the defendants knew or should have known as of the date of the 2002 valuation that the fair market value of the company stock exceed $2,000 per share, an amount far in excess of $805 per share.

The proposed third-party complaint raises state law causes of action for negligence, breach of contract, and negligent misrepresentation against Ameritas, who conducted the valuation of the ESOP stock. The pleading alleges, *inter alia*, that Clark and DeYonge are entitled to indemnity and/or contribution from Ameritas should they be found liable for damages to the plaintiffs.

Under Fed. R. Civ. P. 14(a), "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be

liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  The proposed complaint meets this requirement.

Furthermore, for purposes of deciding this motion, it appears that the court may exercise supplemental jurisdiction over the third-party claims pursuant to 28 U.S.C. § 1367(a).[1]  *See Timbrook v. Metzeler Auto. Profile Sys. Iowa, Inc.*, 209 F.R.D. 154 (S.D. Iowa 2002) (in FELA case, court gave defendant leave to file a third-party complaint against railroad instead of granting defendant's Rule 19 motion to compel joinder of the railroad as a defendant); *McLaughlin v. Biasucci*, 688 F. Supp. 965 (S.D.N.Y. 1988) (ERISA plan fiduciary was allowed to file a third-party complaint for negligence and malpractice, against attorneys who advised fiduciary about investments, even though diversity jurisdiction did not exist, where claim arose out of events relating to investigation of the investments, shared common facts with, and was logically related to the plaintiff's claims).

Considering these factors, and in the absence of any affirmative objection from any other party, I find that the motion should be granted.

**IT IS ORDERED:**

1.   The motion (#20) of defendants James D. Clark and Grant J. DeYonge for leave to file a third-party complaint against Ameritas Investment Corp. is granted.

2.   The third-party complaint shall be filed on or before January 20, 2006 and shall be served on the third-party defendants forthwith.

**DATED January 10, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**

---

[1] 28 U.S.C.A. § 1367(a) provides, in part:  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  Section 1367(b) provides an exception where the court's original jurisdiction is based solely on diversity of citizenship.  In that instance, "the district courts shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent" with the requirements of diversity jurisdiction.  § 1367(b).  In the present case, however, the court's original jurisdiction is not based solely on diversity of citizenship.